UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

ROBERT DAY #446361,

        Plaintiff,        Case No. 1:11-cv-543

v.        Honorable Janet T. Neff

STATE OF MICHIGAN et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available to him. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants State of Michigan, Michigan Department of Corrections, Snyder, Krichbaum, and Smith. The Court will serve the complaint against Defendants Prison Health Services, Dr. Unknown Ayala, and C. Gawne.

In addition to his complaint, Plaintiff has filed a motion titled "order for injunctive relief" (docket #9) that the Court construes as a motion for preliminary injunctive relief.[1] For the reasons discussed in this Opinion, *see* section II, *infra*, Plaintiff's motion will be denied.

**Factual Allegations**

Plaintiff Robert Day presently is incarcerated at Ionia Maximum Correctional Facility. His complaint names as defendants: the State of Michigan, the Michigan Department of Corrections (MDOC), Michigan Governor Rick Snyder, MDOC Director "Daniel H. Krichbaum,"[2] Warden Willy O. Smith, MDOC Account Manager Stephine Lewis, Prison Health Services, and employees of Prison Health Services, Dr. "Unknown" Ayala and C. Gawne.

In February 2010 Plaintiff was returned to state prison for a parole violation following detention by the Shiawassee County Sheriff's Department. Plaintiff asserts that he suffered "mental and physical abuse and trauma" while in the custody of the sheriff's department. (Compl. ¶ 10.) At the time of his return to state prison, Plaintiff was experiencing pain in his feet and ankles as a result of frostbite.[3] Plaintiff requested medical care from MDOC prison authorities and from Prison Health Services. Those requests were ignored.

On May 24, 2010, MDOC staff provided Plaintiff with "anti-fungal" cream, but this did not address the pain in his feet for which he had requested medical care. On September 9, 2010, Plaintiff sent additional requests to prison officials to address the pain in his feet. He was told to

---

[1] Plaintiff's complaint also requests a preliminary injunction. (docket #1, Compl. ¶ 26.)

[2] As of June 1, 2011, the Director of the MDOC is Daniel Heyns. The previous directors were Richard McKeon and Patricia Caruso.

[3] Plaintiff does not allege that he suffered frostbite while incarcerated.

self-medicate with aspirin.  He was not able to access the prison store to purchase aspirin for nine weeks, however.  (Compl. ¶ 13.)

From May 2010 to February 10, 2011, Plaintiff sent requests to MDOC and Prison Health Services employees for mental health counseling.  Plaintiff alleges that "no action or response by any of these parties has been commit[t]ed in a respons[i]ble man[ner]."  (Compl. ¶ 14.) Plaintiff made specific requests for mental health counseling to Defendants Ayala and Gawne, who are employees of Prison Health Services.  No action was taken to provide treatment for Plaintiff.

From December 2010 to February 2011, Plaintiff wrote to Warden Smith and Assistant Deputy Warden Norwood regarding the lack of health care from Prison Health Services. No response was received.

On September 16, 2010, Plaintiff wrote a grievance that was thrown away.[4]  Later, on October 15, 2010, Plaintiff filed a grievance that was denied at Step I by Grievance Coordinator M. Breedlove, denied at Step II by Warden Smith, and denied at Step III by a grievance specialist at the department of corrections in Lansing.[5]  No action was taken in response to the grievance to provide health care to Plaintiff.

On January 12, 2010, Plaintiff sent a request for mental health services to Mr. Dozeman and to the Director of MDOC.  Plaintiff's request elicited no response.

---

[4]Plaintiff does not indicate who threw the grievance away.

[5]Plaintiff's complaint refers to grievance no. "ICF 10 10 2604 28C" (Compl. ¶ 17), but it does not indicate what issues were raised in the grievance.  Attached to the complaint is a "Grievance Rejection Letter" from M. Breedlove indicating that the grievance was denied for raising more than one issue in the grievance, as well as a Step II response from Warden Smith indicating that the grievance was denied on appeal because the appeal merely reiterated the claims in the original grievance.  (Page ID##19,20.)  A letter from Plaintiff appealing the Step II denial indicates that Plaintiff requested a mental health care interview in August 2010 and that he kited Dr. Ayala on October 10, 2010, but he received no response.  (Page ID#21.)

On September 16, 2010, Plaintiff requested medical care regarding large amounts of blood in his stool occurring on a regular basis, a symptom of hemorrhoids diagnosed in 2005. (Compl. ¶ 19.)  Dr. Zot, an employee of Prison Health Services, examined Plaintiff and stated that "he would sever[e]ly recommend treatment, but short of death nothing can be done here." (*Id.*)

On February 14, 2011, Plaintiff placed in the mail an appeal brief to the "United States District Court of Appeals." (Compl. ¶ 20.)  It was returned on the 16th, marked "NSF."[6] (*Id.*) Plaintiff "discussed" the issue with staff and attempted to mail it again.  Again, it was returned by Defendant Lewis for lack of funds.  Plaintiff filed a grievance with the MDOC Grievance Department in Lansing, but received no response.

Plaintiff claims that Defendants violated Plaintiff's Eighth Amendment right to receive adequate medical care for his mental health, his foot/ankle pain and his hemorrhoids, and violated his Fourteenth Amendment rights because he was unable to mail certain legal documents. Plaintiff requests compensatory damages, declaratory relief that his rights have been violated, as well as preliminary and permanent injunctive relief to require Defendants to address Plaintiff's medical needs and to "address unwritten policies regarding legal mail from inmates to the courts." (Compl. ¶¶ 25-27.)

## Discussion

### I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

---

[6]In context, it appears that "NSF" means "not sufficient funds."

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

*See Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1734 (1992).

### A. Defendants State of Michigan and MDOC

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections or the State of Michigan. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is immune from suit under the Eleventh Amendment. *See, e.g., McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. Mar. 12, 2010). Therefore, the MDOC and the State of Michigan will be dismissed because they are immune from suit under the Eleventh Amendment.

### B. Defendants Snyder, Krichbaum and Smith

With respect to Defendants Krichbaum and Snyder, Plaintiff does not allege, and the facts fail to indicate, that these defendants were personally involved in or authorized, approved or knowingly acquiesced in any allegedly unconstitutional conduct. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir.

2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Because Plaintiff fails to make specific factual allegations against Defendants Snyder and Krichbaum, the claims against them will be dismissed.

Similarly, Plaintiff fails to state a claim against Warden Willie Smith. Plaintiff alleges that he sent letters complaining about his health concerns to Warden Smith, and that Smith reviewed and denied a grievance regarding these concerns. (Compl. ¶ 17.) Section 1983 liability may not be imposed on these grounds. A supervisor does not incur § 1983 liability by denying an administrative grievance or by failing to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Because Plaintiff fails to allege that Smith engaged in any active unconstitutional behavior, he fails to state a claim against him.

### C. Defendant Lewis

Plaintiff claims that Lewis prevented Plaintiff from sending an item of legal mail because Plaintiff did not have sufficient funds in his trust account. Plaintiff asserts that, under the First and Fourteenth Amendments, he has a right to a loan of funds for legal work. The Court reads Plaintiff's complaint to assert that Lewis violated Plaintiff's constitutional right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817 (1977) (noting that "prisoners have a constitutional right of access to the courts"). In order to state a viable claim for interference with access to the courts,

a plaintiff must show "actual injury," i.e., that "a nonfrivolous legal claim had been frustrated or was being impeded." *Lewis v. Casey*, 518 U.S. 343, 349, 353 (1996); *see also Burnett v. Luttrell*, No. 08–6432, 2011 WL 831528, at *2 (6th Cir. Mar. 10, 2011) ("To state [an access-to-courts claim], a prisoner must allege that a prison official's conduct caused him an actual injury, such as frustration of a particular legal claim.") (citing *Hadix v. Johnson*, 182 F.3d 400, 405-06 (6th Cir. 1999)). Plaintiff merely alleges that he was prevented from filing a legal document with a court. He does not provide any details regarding this legal document or its relation to any "nonfrivolous" legal claim, much less that he suffered any prejudice to a legal claim as a result of Lewis's actions. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003) ("Conclusory, unsupported allegations of the deprivation of rights protected by the United States Constitution or federal laws are insufficient to state a claim."); *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003) (affirming dismissal of prisoner's access to the court's claim as conclusory where prisoner failed "to allege any specific facts showing that he suffered prejudice to any pending or contemplated direct appeals, habeas corpus applications, or non-frivolous civil rights claims"). As the Supreme Court has made clear, "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Accordingly, Defendant Lewis will be dismissed because Plaintiff fails to state an access-to-courts claim against him.

### D. Defendants Prison Health Services, Ayala and Gawne

Upon review, the Court concludes that Plaintiff's allegations against Prison Health Services, Ayala, and Gawne are sufficient to warrant service of the complaint.

II.     Preliminary Injunction

Plaintiff moves for a preliminary injunction requiring Defendant Prison Health Services to provide the medical care that he needs. The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Ne. Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also Ne. Ohio Coalition for the Homeless*, 467 F.3d at 1009. Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432 at 438, n.3 (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Under controlling Sixth Circuit authority, a plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial

likelihood of success on the merits of his section 1983 action. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). Plaintiff has not made this showing. While the Court has concluded that Plaintiff's Eighth Amendment claims against Prison Health Services, Ayala, and Gawne warrant service, it is not at all clear from Plaintiff's *pro se* complaint that Plaintiff has a substantial likelihood of success on these claims. An Eighth Amendment claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* At this preliminary stage, it is not clear that Plaintiff's ailments are sufficiently serious to invoke his Eighth Amendment rights, much less that a preliminary injunction requiring immediate treatment of those ailments is warranted. Plaintiff complains of foot and ankle pain with no indication of its severity. He also complains of recurring hemorrhoids, a condition first documented in 2005, but he offers no indication that delay in treatment of this chronic condition poses a risk of harm. Finally, while Plaintiff alleges that he was mentally traumatized by officials at the Shiawassee County Sheriff's Department in the past, he does not clearly indicate why he needs mental health treatment at the present time. In short, Plaintiff has not made a substantial showing of a violation of his rights.

Moreover, the presence of irreparable harm is not evident. A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *See Overstreet*, 305 F.3d at 578. Plaintiff has not set forth specific facts showing an immediate, concrete and irreparable harm in the absence of an injunction pending the resolution of this case.

Finally, the interests of identifiable third parties and the public at large weigh against an injunction. Decisions concerning prison management are vested in prison officials, in the absence of a constitutional violation. Any interference by the federal courts in the administration of state prisons is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d at 286-87. That showing has not been made here. Accordingly, Plaintiff's motion for preliminary relief will be denied.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants State of Michigan, MDOC, Snyder, Krichbaum, Lewis, and Smith will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will allow service of the complaint against Defendants Prison Health Services, Ayala, and Gawne. Finally, Plaintiff's motion for a preliminary injunction will be denied.

An Order consistent with this Opinion will be entered.

Dated: July 12, 2011         /s/ Janet T. Neff
                             Janet T. Neff
                             United States District Judge